All rise. Please be seated. The next case this morning is People v. Johnson, 5-14-0486. Counsel ready to proceed? You may proceed. State your name for the record. But before you do that, I do want to make a note for the record that the other justice participating in this panel is Justice Chapman. She's not present today, but she will listen to the arguments. So speak up. Make sure your arguments are picked up by the recording equipment. And she will read the briefs and the record. So you may proceed. Thank you, Your Honor. Good morning. May it please the Court and my colleagues in the State. My name is Ian Barnes on behalf of Mr. Johnson, the appellant in this case. Mr. Johnson was denied his statutory right to the assistance of counsel in post-conviction proceedings when his post-conviction counsel was allowed to withdraw at the second stage without making the showings required by People v. CUNA, the opinion by our Supreme Court. The underlying facts of Mr. Johnson's petition were that he alleged his guilty plea was involuntary as the result of his counsel's ineffectiveness, specifically counsel's refusal to investigate whether Mr. Johnson owned the camper in which a number of methamphetamine components were found. At the second stage, counsel filed a motion to withdraw, which did not meet the standard that was articulated by the Supreme Court in CUNA, which forms the basis of this appeal. In CUNA, our Supreme Court held that once a circuit court has actually affirmatively advanced a petition to the second stage, it is no longer sufficient to simply claim that a petition is frivolous and without merit. Counsel has to do more. They have to explain specifically why the claims are frivolous and without merit, and in essence has to explain why the circuit court was wrong. And the Supreme Court analogized this to a motion to reconsider. Post-conviction counsel has to bring something to the attention of the circuit court, either a misapplication of facts or the law, that would change the outcome. And post-conviction counsel did not do that here. And I should say that the definition of frivolous and without merit is well established, and there's two prongs to it. Is the legal theory indisputably meritless, or are the factual allegations fanciful and delusional? And post-conviction counsel's motion to withdraw did not touch on either of those topics. What post-conviction counsel did was identify a number of factual disputes inside and outside the record and essentially do her own third stage hearing and resolve it against her claim. And what I mean by that is, for example, she cited a conversation she had with trial counsel in which trial counsel claimed he did investigate the ownership of the camera, which is a factual dispute. And as your honors are aware, factual disputes or factual determinations and credibility determinations are not appropriate at the second stage. So the fact that post-conviction counsel identified someone who disagreed with the defendant's claims doesn't make his petition frivolous. That's a factual determination that's reserved for the third stage. Likewise, post-conviction counsel cited a conversation with the wit Illinois chief of police who essentially opined that Mr. Johnson owned the camera. That is, again, another factual dispute that doesn't render Mr. Johnson's claim frivolous. She also cited Agent Gonzaga's testimony at the preliminary hearing in which he also opined that Mr. Johnson owned the camera. And finally, she cited the state's factual basis for the plea, which said that Renee Price would have testified she and Mr. Johnson met in the camera. Was this petition advanced by the court with an explicit finding of a gist of a constitutional claim? The short answer is no, your honor. But the longer explanation is the circuit court is not required to do that. Well, how was it advanced? After Mr. Johnson filed his petition, it was advanced about a week later. The circuit court appointed counsel, ordered counsel to file a certificate, file an amended petition. He just appointed counsel? Right, and that is all that's required by the Act. The Act specifies that if the petition is frivolous and without merit, the circuit court must dismiss it in a written order, although that written order component has been held to be directory and not mandatory. But when it advances the petition to the second stage because it finds merit, it doesn't have to do anything other than doctor the petition. So is that advancement by appointing counsel the same as finding a gist of a constitutional claim? Yes, because there are only two options at that stage. The circuit court can dismiss it because it has no merit or it appoints counsel because it has merit. There is no third option. There is no secret door number three where the court can advance a petition but not consider it on the merits. And the reason for that is because that's the purpose of the first stage is to screen out frivolous claims. But counsel here identified these factual disputes that really did not speak to whether the claim was frivolous. It only spoke to whether people disagreed with Mr. Johnson's claim. And because factual determinations and credibility determinations are reserved for the evidentiary hearing at the third stage, that wasn't a basis to conclude that Mr. Johnson's petition was frivolous. Post-conviction counsel essentially usurped the fact-finding role of the circuit court on her own, resolved it against her own client, and equated that with frivolous and without merit. And that's not the standard. The standard is, was his legal claim frivolous? And the answer is a no. Claiming that a plea was involuntary because of ineffective assistance is a well-recognized basis for relief. And his factual allegations, namely that counsel didn't investigate and that he didn't own the camper, were not delusional or offensive. They were perfectly reasonable claims to make. And the truth of them is supposed to be decided at the third stage hearing, not by one's own counsel. And I would just emphasize that our Supreme Court has held that moving to withdraw at this point, at the second stage, is an extraordinary request, as they call it. And that's because the defendant's own attorney is asking the circuit court to deny the defendant a piece of relief that the act provides for him. It's not coming from the state. It's not coming from the circuit court. It's coming from Mr. Johnson's own attorney saying, I want you to deny the relief you've already granted him. Counsel, did counsel file the motion to withdraw? Did he have affidavits attached? What was he alleging, basically? Mr. Johnson? Yes, sir. Specifically, he claimed that he felt coercively guilty because counsel had refused to investigate the ownership of the camper. And that counsel had assured him that he could win the case with a Fourth Amendment motion. And trial counsel's Fourth Amendment motion was frivolous at best. It basically argued that the search warrant, the property specified by the search warrant to be searched only encompassed Mr. Johnson's trailer and not the camper. And that was on a different property, and that Mr. Johnson didn't own the camper. But that's not a basis for a Fourth Amendment motion. Obviously, you have to have a property interest in the items that have been seized in order to assert your Fourth Amendment rights. So counsel's method of going about tackling the ownership of the camper was completely frivolous. And once counsel withdrew that motion midway, the motion was not even finished, Mr. Johnson felt that he had no other choice at that point but to plead guilty because his counsel had not actually investigated the ownership of the camper. And the affidavits attached to Mr. Johnson's petition reinforced that because he has two affidavits that say another individual, Sam Sickles, actually owned the camper. And the ultimate outcome of all this was that Mr. Johnson did not have the assistance of counsel in shaping his petition at the second stage. He was left defending against a state's motion to dismiss pro se using the original first-stage pro se filing that he'd filed. And I guess it's worth reinforcing that the standard frivolous and without merit is an extremely low bar. As your honors are aware, at the first stage, our Supreme Court has repeatedly held that frivolous and without merit is a very low bar, stating the gist of a constitutional claim. And for counsel to equate these factual disputes with frivolous and without merit was inappropriate. She should not have been allowed to withdraw. She should have been required to continue to represent Mr. Johnson and assist him at the second stage. And the circuit court's granting of her motion to dismiss denied him of his right to the assistance of counsel at that point. So I would ask the court to reverse and remand for new second-stage proceedings with the assistance of counsel, if your honors have any further questions. Questions? I have an opportunity for a rebuttal. Thank you. I believe. May it please the court. Counsel Chelsea Castiff on behalf of the state. Your honors, post-conviction counsel Stacey Hollow gave sufficient detail in her brief in support of her motion to withdraw as to each issue and why it was without merit. The standard is not that Ms. Hollow supply all measures taken. The standard is that she list some explanation why the claim was so lacking as to each issue. Counsel shouldn't be expected to list every single measure that she took to investigate defendant's allegations in order to ultimately determine that the claims are without merit. That's not what is required of appellate counsel in order to withdraw. Under Supreme Court rules as well as our own code of professional conduct, counsel clearly felt that she could not advance this case and she timely filed to withdraw. What was the sufficient detail? Your honor, in looking at each issue, she actually probably went above and beyond what is required for reasonable advocacy at this stage. She spoke with different individuals who were a party to the trial. She looked at the face of the record and there was just no merit even just reading the record to any of the claims. At trial, trial counsel did file a motion to suppress. And in the middle of the hearing, in questioning Agent Gonzalez, he showed an aerial photograph of the property trying to allege the camper did not belong to the defendant. And Agent Gonzalez said emphatically, that is absolutely not where that camper was when we searched the property, meaning that it had been moved. He also went further to discuss how photographs from corners of the camper from the day that they had searched it and all of this is within the record. And your honors, this is all information which Ms. Hollow relied on. Maybe she didn't go into great specificity, but she's not required to go into great specificity in her motion or supporting briefs. She just has to provide some explanation. So I guess the question kind of becomes what's required of counsel for some explanation in order to withdraw. That is what the court expanded on Greer with its opinion in Keener. It's not a question of they should provide some explanation. It's that they must. We would ask that the court keep in mind, however, that when Ms. Hollow filed her motion to withdraw as well as her supporting brief, People v. Greer was the leading authority. People v. Keener had not even been decided yet. It came out actually a few days after she had filed her motion. So counsel was not being ineffective in signing to Greer when she filed her supporting brief. She was relying on the case law as a leading authority for the issue. However, even under Keener, she did supply some explanation as to each issue as is required. Actually, if you look at Volume 1, C-243, the trial court actually commented on the level of detail in its order that Ms. Hollow provided in her motion to withdraw and her supporting brief. In addition, Your Honors, Ms. Hollow was not the first, but actually the second attorney to file a motion to withdraw as counsel, stating that there was no constitutional violation or any issue that would rise to a constitutional violation for post-conviction. Your Honors, the right to counsel in post-conviction proceedings is limited. It's a reasonable level of assistance and a review of the case is a collateral attack on prior proceedings. So under Rule 651C, which is designed to ensure the statutory reasonable level of assistance, Ms. Hollow was required to speak with the defendant about the allegations and then examine the record of the proceedings. However, after she had done that, Ms. Hollow had met those first two obligations, but she could not in good conscience make an amendment to the petition and then sign her name on the dotted line because the Supreme Court stated under Rule 137 that if they're signing that signature, it means that the claim has merit and no attorney wants to go before the court and then be sanctioned for bringing a meritless or frivolous case before the court. Additionally, Your Honors, defense counsel is correct that the court said that it is an, I guess, an extreme measure for counsel to file to withdraw. And I think the fact that counsel would go and file a motion to withdraw speaks volumes as to their belief that there really was no merit to the claims. And therefore, she was held to her obligation to the court to not bring a case that had no merit. Do you, Your Honors, have any questions? No questions. Then, Your Honors, we would ask that you please confirm the ruling before the court. Thank you, counsel. Any further? Your Honors, the first point I'd like to address is the fact that, yes, post-conviction counsel's motion contained some description of why she thought Mr. Johnson's claim was frivolous. But it's not enough to – I mean, yes, post-conviction counsel's motion had words in it. But did those words actually meet the standard of showing that the petition was frivolous and without merit? And I'd like to come back to the point that there's two ways that you could argue a petition is frivolous. Either there's no legal basis for belief or the factual allegations are fanciful or delusional. And this isn't like a petition where Mr. Johnson claimed, I had ineffective assistance because my attorney was getting advice from aliens. These are very concrete, grounded terms or facts that he alleged. Counsel didn't investigate the ownership. He felt the court was completely guilty. He didn't own the camper. Those are very concrete factual allegations. And counsel's motion to withdraw contained no legal discussion whatsoever. She did not argue that this was a legal theory that was baseless, that there was no case law that would allow this to be a basis for belief. And she didn't argue that the facts he'd alleged were somehow beyond the pale. What she did and what the State pointed out is that she interviewed people and discussed what she found. And as I said before, those are factual disputes. Those are issues for a third-stage hearing. There was some discussion of advancing a petition that would be unethical and that you could be sanctioned for. And certainly there's some room for counsel to uncover factual allegations that are beyond the record that would go further than being just a factual dispute. For example, if counsel had interviewed the affidavits of the affidavits that were attached to Mr. Johnson's petition and discovered that the affidavits were forged, that they were fake, that might be a basis to withdraw. But simply identifying factual disputes and at a third-stage hearing, putting Mr. Johnson on the stand and having him say, I told my attorney I didn't own the camper, he didn't look into it, and having the State rebut with the trial attorney's testimony would not be unethical. That's simply resolving a factual dispute. I'd like to briefly touch on Greer because the facts of it are so drastically different from this case. And the Supreme Court went into that in Cuner because Greer was, and this goes to Your Honor's question in my opening argument about what the trial court did with the petition initially at the first stage. In Greer, it was a situation where the trial court did not touch the petition. It was advanced to the second stage automatically after the 90-day deadline passed. So post-conviction counsel at the second stage was the first person who ever laid eyes on a petition. And in that circumstance, it's different to simply say this petition is frivolous and I can't advance it because there's no one to say otherwise. But in this case, the Supreme Court had already looked at the petition, already advanced it to the second stage. And as per Cuner, counsel is now required to do more. They have to actually explain how this petition doesn't meet the legal standard that it needs to meet to be at the second stage. And her motion did not do that. So I ask this Court to reverse agreement for a new second stage proceedings where Mr. Johnson is actually entitled to the assistance of counsel and receives that assistance. Thank you, Counsel. The Court will take this matter under advisement and issue a decision in due course. The Court will stand in recess until the 1 o'clock case is accepted. All rise.